UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAN PRATT, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00981-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE, MOTIONS FOR MANDAMUS, QUO WARRANTO, AND RELIEF A FROM JUDGMENT OR ORDER, AND MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 26, 28, 29, 30, 31 |

Pending before the Court are Plaintiff's Motion to Consolidate, Motions for Mandamus, Quo Warranto, and Relief from a Judgment or Order, and Motion to Appoint Counsel. Dkt. Nos. 29, 28, 30, 26, and 31. For the reasons detailed below, the Court denies them all.

**I.  MOTION TO CONSOLIDATE**

By his motion, Plaintiff requests to consolidate two cases before Judge Beeler – *Elijah Dominguez v. Dan Pratts* (23-cv-00981) and *Elijah Dominguez v. John Allan Abaci* (23-cv-03669) – in order to "avoid confusion and conflicting evidence[.]" Dkt. No. 29. Plaintiff does not explain why consolidation is warranted under Federal Rule of Civil Procedure 42(a), and there is no basis for granting the request. By its July 24 order, this Court dismissed the complaint and closed the case in *Elijah Dominguez v. Dan Pratts*. *See* Dkt. No. 25. Though Plaintiff may file an amended complaint in Case No. 23-cv-00981 that addresses the issues Magistrate Judge Ryu identified in her Report and Recommendation ("R&R") and that this Court adopted, Dkt. Nos. 17, 25, the case is not currently active and does not need to be consolidated with any other case.

And even assuming this case were still active, Plaintiff's request could not be granted. Before being consolidated, cases must first be related. And this district's Local Rules explain which judge presides over related matters. Under Local Rule 3-12, the judge presiding over the

lowest-numbered case reviews a motion to relate cases and ultimately presides over the cases if the motion is granted. As such, Plaintiff's cases could not be related (or consolidated) before Judge Beeler even if they were both active, because this Court has the lowest-numbered case.

Accordingly, Court **DENIES** Plaintiff's motion, Dkt. No. 29.

## II.   VARIOUS MOTIONS FOR RELIEF

Plaintiff has filed numerous documents requesting different types of relief from the Court's July 24 order adopting Magistrate Judge Ryu's R&R. He has filed what appears to be a motion for relief from a judgment or order (but is called a "Notice"), Dkt. No. 26, and two motions for a "writ of mandamus and quo warranto," Dkt. Nos. 28 and 30.

As a threshold matter, Plaintiff is not permitted to bring a *quo warranto* action as a private party without leave from the California Attorney General ("AG"). *See* Cal. Code Civ. Proc. § 803; *see also, e.g.*, *Figg v. City of Fontana*, No. CV0901254MMMOPX, 2009 WL 10674764 at *2, n.6 (C.D. Cal. Dec. 18, 2009) (citing *Nicolopulos v. City of Lawndale*, 91 Cal. App. 4th 1221, 111 Cal. Rptr. 2d 420 (2001)). Since the Plaintiff has not indicated that he received the AG's approval to proceed with these *quo warranto* actions, Plaintiff's motions must be denied.

As for Plaintiff's motions for relief from a judgement or order and for mandamus, the Court finds that the requested relief is unwarranted as a matter of law. They are not models of clarity, but these motions appear principally animated by Plaintiff's conviction that Magistrate Judge Ryu had no authority to issue the R&R recommending the case's dismissal since Plaintiff had not consented to magistrate jurisdiction, and that accordingly, the Court's subsequent adoption of that R&R is void. But the case's reassignment from Magistrate Judge Ryu to this Article III Court occurred precisely *because* Plaintiff did not consent to magistrate jurisdiction. *See* Dkt. Nos. 17, 18. And once reassigned, this Court independently considered the record before it, including Judge Ryu's R&R, and issued the July 24 order dismissing the case. Dkt. No. 25. Plaintiff does not explain how this sequence of events constitutes any error – let alone error entitling Plaintiff to the requested relief. Magistrate Judge Ryu's role in drafting the R&R later adopted by this Court certainly does not furnish a basis for relief from judgment under Federal Rule of Civil Procedure 60, or constitute a rare instance where the "drastic and extreme remedy"

2

of issuing a writ of mandamus is appropriate. *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011).

Plaintiff additionally suggests that a denial of his motions will "leave [him] without legal recourse for injuries sustained at the hand of the city Martinez based on a void judgement." Dkt. No. 30 at 2. The Court disagrees. As previously explained, nothing bars Plaintiff from filing an amended complaint and, if proceeding on any *qui tam* theories, retaining counsel. If Plaintiff disagrees with the Court's dismissal order, he also can appeal it if he complies with the applicable rules and deadlines.

Accordingly, the Court **DENIES** Plaintiff's motions at Dkt. Nos. 26, 28, and 30.

### III.   MOTION TO APPOINT COUNSEL

On October 23, Plaintiff moved the Court to appoint counsel for him under 28 U.S.C. § 1915. Dkt. No. 31. The Court declines in its discretion to do so.

The appointment of counsel in civil cases is left to the court's discretion, and is viewed as "a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792 (9th Cir. 1965). In fact, counsel should be designated only in "exceptional circumstances" under § 1915(e)(1).[1] *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that no exceptional circumstances warrant the appointment of counsel in this case. For one, the case is closed. Second, while it is too early to fully assess whether Plaintiff is likely to succeed on his *qui tam* claims, he clearly cannot pursue them as a pro se litigant on behalf of the United States in light of the straightforward principles described in the R&R. And third, the issues here are not complex, and Plaintiff has articulated them adequately so far.

---

[1] Plaintiff, as well as the some of the cases cited by the Court, refer to 28 U.S.C. § 1915(d) as the provision pertaining to appointment of counsel. However, amendments to section 1915 changed the numbering of the relevant provision from 1915(d) to 1915(e)(1), effective April 25, 1996. *See* Pub. L. No. 104-134, tit. VIII, §804, 110 Stat. 1321 (1996). The amendments did not, however, substantively alter the language or meaning of the appointment of counsel provision and so this Court, like others, continues to rely on pre-amendment caselaw to interpret this provision. *See, e.g.*, *Palmer v. Valdez,* 560 F.3d 965 (9th Cir. 2009).

1  The Court further emphasizes that while the nature of his *qui tam* action forecloses
2  Plaintiff from proceeding pro se, the Court is not charged with securing counsel for Plaintiff.  *See*
3  *United States ex rel. Melchor Karl T. Limpin, Plaintiff, v. Gavin Newsom, et al., Defendants.*, No.
4  23-CV-0399-DMS-AGS, 2023 WL 7030542 (S.D. Cal. Oct. 24, 2023) ("[A] [r]elator's inability to
5  bring this action pro se does not by itself justify appointment of counsel in this case.") (citations
6  omitted).  In fact, a prior court order charged *Plaintiff* with securing counsel.  *See* Dkt. No. 13 at 5
7  ("Because Plaintiff may not bring a qui tam FCA action without legal representation . . . . Plaintiff
8  must promptly secure legal counsel in order to move forward with his case.").  But Plaintiff has
9  not done so, seemingly due to his continued insistence on proceeding pro se, rather than, for
10 example, a diligent but ultimately unsuccessful attorney search.  Dkt. Nos. 19 at 6 ("[T]he plaintiff
11 Elijah Dominguez declare [sic] that this case should go forward and the plaintiff . . . should not
12 beforced [sic] to be represented by an attorney . . . ."); 16 at 7 ("The plaintiff Elijah Dominguez
13 contends that he should be allow [sic] to represent himself and is well versed in the law and
14 procedural code . . . .").  Without any indication that Plaintiff has made any good-faith efforts to
15 retain counsel as directed for his *qui tam* action, the Court sees no reason to entertain Plaintiff's
16 request for the Court to do so for him under § 1918(e)(1).
17  Finding that no exceptional circumstances are present to warrant appointment of counsel in
18 this closed action, the Court in its discretion **DENIES** Plaintiff's motion, Dkt. No. 31.  However,
19 should he wish to file an amended complaint in this case, the Court reminds Plaintiff that he can
20 seek assistance at the Legal Help Center, which provides free information and limited-scope legal
21 assistance to pro se litigants. More information about the Legal Help Center is provided at
22 http://www.cand.uscourts.gov/legal-help. Telephone appointments may be scheduled either over
23 the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.
24 //
25 //
26 //
27 //
28 //

4

IV. **CONCLUSION**

The Court **DENIES** Plaintiff's motions at Dkt. Nos. 26, 28, 29, 30, and 31.

**IT IS SO ORDERED.**

Dated: 10/26/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5